AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas
ENTERED

OCT 0 3 2003

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Corpus Christi

UNITED STATES OF AMERICA

MICHAEL RONJE

RECEIVED U.S. MARSHAL
OCT -3 PM 4: 30
CORPUS CHRISTI, TEXAS
SOUTHERN TEXAS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 2:03CR00159-005

Jeanette Mercado
Defendant's Attorney

☐ See Additional Aliases sheet.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   Two on July 8, 2003
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2, 7, and 1111 | Second Degree Murder | 04/03/03 | 2 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) One   ☒ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 08/12/1971
Defendant's USM No.: 31910-013
Defendant's Residence Address:
2942 Horne Road, Apt. B
Corpus Christi, Texas 78416

Defendant's Mailing Address:
2942 Horne Road, Apt. B
Corpus Christi, Texas 78416

September 26, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

10-3-03

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By _____ Deputy Clerk

85

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      235 months.

It is the order of the Court that the PSI in this case is for use by the Bureau of Prisons employees only and **shall not** be further disclosed to any other party (other than defendant), agency or individual without written permission of this Court, except in instances of escape or failure to surrender, when the report is needed by the U.S. Marshals.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in a comprehensive drug treatment program while incarcerated.
That the defendant be placed in a facility outside of the state of Texas as long as the security needs of the Bureau of Prisons are met.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 pm on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 11/07/03 to USP ATWATER
at ATWATER, CA, with a certified copy of this judgment.

PAUL M. SCHULTZ, WARDEN
UNITED STATES MARSHAL

By _____ LIE
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years.

☐ See Additional Supervised Released Terms Sheet.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ See Additional Mandatory Conditions Sheet

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

# SPECIAL CONDITIONS OF SUPERVISION

**DRUG SURVEILLANCE:** The defendant shall submit to periodic urine surveillance and/or breath saliva and skin tests for the detection of drug abuse as directed by the probation officer. The defendant will incur costs associated with such detection efforts based on ability to pay as determined by the probation officer.

**DRUG TREATMENT:** The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

**MENTAL HEALTH:** The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such a program, based on ability to pay as determined by the probation officer.

**ANGER MANAGEMENT:** The defendant is required to participate in anger management counseling as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such program, based on ability to pay as determined by the probation officer.

**GANG PROHIBITION:** The defendant is not to be affiliated with any organized gang recognized by law enforcement agencies and is not to participate in gang-related activities or to associate with any gang members.

**NIGHTTIME RESTRICTION:** Throughout the period of supervised release, the defendant shall be restricted to his home from 10 pm to 6 am each night, unless other specific arrangements are made with the probation officer.

**OTHER:** The defendant shall not have any type of contact with Mr. Lucas Boyd or his family and the defendant shall not have any other person contact the Boyd family.

**OTHER:** The defendant shall not have any type of contact with Mrs. Josephine Urdiales or her family and the defendant shall not have any other person contact the Urdiales family.

**OTHER:** The defendant shall not have any type of contact with Mr. Enrique Jimenez and Mrs. Sylvia Jimenez or their family and the defendant shall not have any other person contact the Jimenez family.

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 50.00 | $ 6,042.00 |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Mr. Enrique Jimenez and Mrs. Sylvia Jimenez | $6,042.00 | $6,042.00 | |

☐ See Additional Restitution Payees Sheet.

| TOTALS | $6,042.00 | $6,042.00 |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　☒ the interest requirement is waived for the ☒ fine and/or ☒ restitution.

　　☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of _____ due immediately, balance due
    ☐ not later than _____, and/or
    ☐ in accordance with ☐ C, ☐ D, and/or ☐ E, below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:
Payments are to begin 60 days from the date of placement at the Bureau of Prisons at a rate of no more than 40 percent of funds in his inmate trust fund. The balance shall be paid during the period of supervised release in equal monthly installments of $50.00 beginning 30 days after release from custody until paid in full.

Make all payments payable to: U.S. District Clerk, 1133 N Shoreline Blvd Ste 208, Corpus Christi, TX 78401

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| C-03-00159-001 | Jerry Michael Walters | $6,042.00 |
| C-03-00159-002 | Aaron Kelly | $6,042.00 |
| C-03-00159-003 | Juan Daniel Cardenas | $6,042.00 |

☒ See Additional Defendants Held Joint and Several sheet.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

## ADDITIONAL DEFENDANTS HELD JOINT AND SEVERAL

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| C-03-00159-004 | Abelardo Godoy, IV | $6,042.00 |

DEFENDANT: MICHAEL RONJE
CASE NUMBER: 2:03CR00159-005

# STATEMENT OF REASONS

### (Not for Public Disclosure)

☒ The court adopts the factual findings and guideline application in the presentence report.

# OR

☐ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

☐ See Additional Findings and Guidelines Applications Exceptions Sheet.

**Guideline Range Determined by the Court:**

Total Offense Level: 32

Criminal History Category: V

Imprisonment Range: 188 to 235 months

Supervised Release Range: 3 to 5 years

Fine Range: $ 17,500.00 to $ 175,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ 6,042.00

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this Title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this Title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C § 3553(c), for the following reasons(s):